**Frank D. SEINFELD, Plaintiff,**

v.

**VERIZON COMMUNICATIONS INC., Defendant.**

**C.A. No. 484–N.**

Court of Chancery of Delaware,
New Castle County.

Submitted: Jan. 6, 2005.
Decided: Jan. 21, 2005.

Robert D. Goldberg, Biggs & Battaglia, Wilmington, DE; A. Irving Bizar; A. Arnold Gershon, P.C.; Ballon Stoll Bader & Nadler, P.C., New York City, for the Plaintiff.

Edward P. Welch, Michael A. Barlow, Skadden, Arps, Slate, Meagher & Flom, L.L.P., Wilmington, DE, for the Defendant.

### OPINION AND ORDER

LAMB, Vice Chancellor.

The plaintiff, a purported stockholder, brings this action seeking to compel an inspection of certain corporate books and records. Because the plaintiff has failed to comply with the attestation requirements of Section 220, the court enters judgment in favor of the defendant and dismisses the complaint.

### I.

Defendant Verizon Communications, Inc. is a Delaware corporation. Plaintiff Frank D. Seinfeld is a purported owner of 3,884 shares of Verizon, held in street name through a brokerage firm.

On September 25, 2003, Seinfeld sent a demand pursuant to 8 *Del. C.* § 220 to Verizon, seeking to inspect Verizon's books and records relating to the compensation of its three most senior executives. The demand letter states the following: "Frank D. Seinfeld, being duly sworn, fur-

ther states that this demand is a true statement, upon knowledge as it pertains to him and upon information and belief, based upon *inter alia,* the investigation made by and through his attorneys, as it pertains to all else." Attached to the demand letter was a redacted copy of what appears to be a portion of a monthly brokerage statement. The monthly statement has an entry for Verizon, but everything else has been redacted. On October 2, 2003, Verizon refused the demand. On June 3, 2004, more than eight months later, Seinfeld brought this suit seeking to compel compliance with his demand. Verizon answered and in its Fifth Affirmative Defense averred that Seinfeld had "not satisfied the requirements set forth in 8 *Del. C.* § 220 for the making of a demand by a stockholder other than a holder of record."

On September 10, 2004, Seinfeld moved for summary judgment. On October 15, 2004, Verizon filed a cross-motion for summary judgment raising, among other grounds, Seinfeld's failure to comply with the requirements of the statute. On January 8, 2005, the court heard oral argument on the cross motions.

## II.

On a motion for summary judgment pursuant to Rule 56, judgment will be granted where the moving party demonstrates that there are no genuine issues of material fact in dispute and that the moving party is entitled to judgment as a matter of law.[1] In this case, there is no question that Seinfeld's demand fails to comply with the requirements of the statute.

Section 220 sets out the procedure that a stockholder must follow in order to be entitled to inspect a corporation's books and records. This statute was recently amended to allow beneficial owners, a right of inspection. That statutory right was, until the recent amendment restricted to stockholders of record. Beneficial stockholders making demand must, however, comply with a specific, additional statutory requirement, as follows:

> In every instance where the stockholder is other than a record holder of stock in a stock corporation or a member of a nonstock corporation, the demand under oath shall state the person's status as a stockholder, be accompanied by documentary evidence of beneficial ownership of the stock, and *state that such documentary evidence is a true and correct copy of what it purports to be* (emphasis added).

The demand letter sent by Seinfeld to Verizon fails to comply with this provision of the statute because it fails to state that the redacted monthly statement attached to it is a "true and correct copy of what it purports to be." The statute is both clear and commanding. Compliance with it is not difficult, and it is not too much to ask of a stockholder or his lawyers to read the statute and comply with its plain provisions when making a demand.

This is also not a formalistic or unimportant provision of the statute. In return for extending the right of inspection to non-record owners, the statute required that beneficial holder making demand swear under oath that not only the contents of the demand are true, but also that the documentary evidence of ownership is true and correct. This requirement protects corporations from improper demands by requiring that evidence of beneficial ownership be both furnished with the demand and provided under oath. To allow Seinfeld to prosecute this suit without

1. *Scureman v. Judge,* 626 A.2d 5, 10 (Del.Ch. 1992).

making such a simple attestation would, undoubtedly, both contradict the plain language of the statute, and also undermine an important element of the statutory scheme.

## III.

For all of the above reasons, Verizon's motion for summary judgment is granted and the complaint dismissed. IT IS SO ORDERED.